IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CROWD SOURCED TRAFFIC, LLC § § § Plaintiff, § § v. § § WAZE, INC, § § Defendant. § § § § | CIVIL ACTION NO. 2:11-CV-469 **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Crowd Sourced Traffic, LLC ("Crowd Sourced Traffic") by and through its undersigned counsel, files this Original Complaint against Waze, Inc. as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,440,842, entitled "System for Transmitting, Processing, Receiving, and Displaying Traffic Information " (the "'842 patent"; a copy of which is attached as Exhibit A) and United States Patent No. 7,613,564, entitled "System for Transmitting, Processing, Receiving, and Displaying Traffic Information" (the "'564 patent" and collectively with the '842 patent as "the patents-in-suit"; a copy of which is attached as Exhibit B). Crowd Sourced Traffic is the assignee of the patents-in-suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.     Plaintiff Crowd Sourced Traffic is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite 170, Marshall, Texas 75670.  Crowd Sourced Traffic is the assignee of all title and interest of the patents-in-suit.  Plaintiff possesses the entire right to sue for infringement and recover past damages.

3.     Upon information and belief, Defendant Waze, Inc. ("Waze") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 240 Hamilton Ave., Palo Alto, CA, 94301.

## JURISDICTION AND VENUE

4.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 13331 and 1338(a).

5.     The Court has personal jurisdiction over Waze because Waze has minimum contacts within the State of Texas, and the Eastern District of Texas; Waze has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Waze has sought protection and benefit from the laws of the State of Texas; Waze regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arise directly from Waze's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Waze, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, Waze has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Waze solicits customers in the State of Texas and in the Eastern District of Texas. Waze has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use Waze's products and services in the State of Texas and in the Eastern District of Texas.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8. United States Patent No 7,440,842, entitled "System for Transmitting, Processing, Receiving, and Displaying Traffic Information," was duly and legally issued by the United States Patent and Trademark Office on October 21, 2008 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '842 patent and possesses all rights of recovery under the '842 patent including the right to sue for infringement and recover past damages.

9. Upon information and belief, Waze has infringed and continues to infringe one or more claims of the '842 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a traffic

information computer system that obtains data from users. Upon information and belief, Waze has also contributed to the infringement of one or more claims of the '842 patent and/or actively induced its customers to infringe one or more claims of the '842 patent, in this district and elsewhere in the United States.

10. Waze's aforesaid activities have been without authority and/or license from Plaintiff.

11. Plaintiff is entitled to recover from the Waze the damages sustained by Plaintiff as a result of Waze's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

12. Defendant's infringement of Plaintiff's exclusive rights under the '842 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II – PATENT INFRINGEMENT

13. United States Patent No 7,613,564, entitled "System for Transmitting, Processing, Receiving, and Displaying Traffic Information," was duly and legally issued by the United States Patent and Trademark Office on November 3, 2009 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '564 patent and possesses all rights of recovery under the '564 patent including the right to sue for infringement and recover past damages.

14. Upon information and belief, Waze has infringed and continues to infringe one or more claims of the '564 patent by making, using, providing, offering to sell, and selling (directly

or through intermediaries), in this district and elsewhere in the United States, a traffic information computer system that obtains data from users. Upon information and belief, Waze has also contributed to the infringement of one or more claims of the '564 patent and/or actively induced its customers to infringe one or more claims of the '564 patent, in this district and elsewhere in the United States.

15. Waze's aforesaid activities have been without authority and/or license from Plaintiff.

16. Plaintiff is entitled to recover from the Waze the damages sustained by Plaintiff as a result of Waze's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

17. Defendant's infringement of Plaintiff's exclusive rights under the '564 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

18. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELEIF

Plaintiff respectfully requests that the Court find in its favor and against Waze, and that the Court grant Plaintiff the following relief:

A.  An adjudication that one or more claims of the patents-in-suit have been infringed, either literally and/or under the doctrine of equivalents, by Waze and/or by others to whose infringement Waze has contributed and/or by others whose infringement has been induced by Waze;

B.  An award to Plaintiff of damages adequate to compensate Plaintiff for the Waze's acts of infringement together with pre-judgment and post-judgment interest;

C.  That one or more of the Waze's acts of infringement be found to be willful from the time that Waze became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D.  A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Waze from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the patents-in-suit;

E.  That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F.  Any further relief that this Court deem just and proper.

DATED November 7, 2011.                    Respectfully submitted,

                                           By: \s\ *Hao Ni*
                                           Hao Ni
                                           Texas Bar No. 24047205
                                           hni@nilawfirm.com

Stevenson Moore
Texas bar No. 24076573
smoore@nilawfirm.com
NI LAW FIRM, PLLC
3102 Maple Ave. Suite 400
Dallas, TX 75201
Telephone: (214) 800-2208
Fax: (214) 880-2209

Douglas L. Bridges
GA Bar No. 080889
Jacqueline K. Burt
GA Bar No. 425322
HENINGER GARRISON DAVIS, LLC
1 Glenlake Parkway, Suite 700
Atlanta, GA 30328
Tel: (678) 638-6308
Fax: (678) 638-6142
Email:  dbridges@hgdlawfirm.com
Email:  jburt@hgdlawfirm.com
**ATTORNEYS FOR PLAINTIFF,
CROWD SOURCED TRAFFIC, LLC**