**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CROWD SOURCED TRAFFIC, LLC., Plaintiff, v. WAZE, INC., Defendant. | ) | Case No. 2:11-CV-469 (JRG) |

**ANSWER, AFFIRMATIVE DEFENSES, AND**
**COUNTERCLAIMS OF WAZE, INC.**

Defendant Waze, Inc. ("Waze"), by and through its counsel, hereby responds to the Complaint filed by Crowd Sourced Traffic, LLC ("Crowd Sourced Traffic").

**NATURE OF ACTION**

1. Waze admits Crowd Sourced Traffic purports to state a claim for patent infringement involving United States Patent No. 7,440,842 ("'842 patent"), which appears on its face to be entitled "System for Transmitting, Processing, Receiving, and Displaying Traffic Information," and United States Patent No. 7,613,564 ("'564 patent"), which appears on its face to be entitled "System for Transmitting, Processing, Receiving, and Displaying Traffic Information." Waze admits that a copy of the '842 patent is attached as Exhibit A and a copy of the '564 patent is attached as Exhibit B. Waze denies that it directly or indirectly infringes either of the asserted patents. Waze denies that Crowd Sourced Traffic is entitled to injunctive relief and monetary damages. Waze lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 1 and on that basis denies them.

## PARTIES

2. Waze denies that Crowd Sourced Traffic is "a limited liability company organized and existing under the laws of Texas." Waze denies that Crowd Sourced Traffic has its "principal place of business at 104 East Houston Street, Suite 170, Marshall, Texas 75670." Waze lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 2 and on that basis denies them.

3. Waze admits the allegations in paragraph 3.

## JURISDICTION & VENUE

4. Waze admits that Crowd Sourced Traffic purports to state a claim for patent infringement under the United States patent laws. Waze admits that this court has subject matter jurisdiction.

5. Waze admits that it directly and/or through intermediaries distributes and/or advertises an application for mobile phones in the United States. The remaining allegations call for a legal conclusion and Waze is not required to admit or deny such allegations. However, to the extent that Waze is required to respond to those allegations, Waze denies them.

6. Waze admits that it, directly and/or through intermediaries, distributes and/or advertises its mobile application in the United States. Waze denies that it directly or indirectly infringes either of the asserted patents. Waze denies that "it has paying customers who are residents of the State of Texas and the Eastern District of Texas." The remaining allegations call for a legal conclusion and Waze is not required to admit or deny such allegations. However, to the extent that Waze is required to respond to those allegations, Waze denies them.

7. Waze denies the allegations in paragraph 7.

## COUNT I: PATENT INFRINGEMENT

8. Waze admits that U.S. Patent No. 7,440,842 appears on its face to have issued on October 21, 2008, and to be entitled "System for Transmitting, Processing, Receiving, and Displaying Traffic Information." Waze denies the remaining allegations in paragraph 8.

9. Waze denies the allegations in paragraph 9.

10. Waze denies the allegations in paragraph 10.

11. Waze denies the allegations in paragraph 11.

12. Waze denies the allegations in paragraph 12.

## COUNT II: PATENT INFRINGEMENT

13. Waze admits that U.S. Patent No. 7,613,564 appears on its face to have issued on November 3, 2009, and to be entitled "System for Transmitting, Processing, Receiving, and Displaying Traffic Information." Waze denies the remaining allegations in paragraph 13.

14. Waze denies the allegations in paragraph 14.

15. Waze denies the allegations in paragraph 15.

16. Waze denies the allegations in paragraph 16.

17. Waze denies the allegations in paragraph 17.

## DEMAND FOR JURY TRIAL

18. This paragraph sets forth Crowd Sourced Traffic's request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Crowd Sourced Traffic to which no response is required. Waze denies that Crowd Sourced Traffic is entitled to any of the requested relief and denies any allegations.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Waze alleges and asserts the following defenses in response to the allegations. In addition to the affirmative defenses described below, subject to their responses above, Waze specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

1. The Complaint fails to state a claim upon which relief may be granted against Waze.

2. This action was brought in an improper venue under Fed. R. Civ. P. 12(b)(3).

3. Waze does not infringe and has not infringed (not directly, contributorily, or by inducement either literally or under the doctrine of equivalents) any claim of the ’842 patent.

4. Waze does not infringe and has not infringed (not directly, contributorily, or by inducement either literally or under the doctrine of equivalents) any claim of the ’564 patent.

5. The claims of the ’842 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, 112 and 132 of Title 35 of the United States Code.

6. The claims of the ’564 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, 112 and 132 of Title 35 of the United States Code.

7. The claims of the ’842 patent are unenforceable as asserted, in whole or in part, by doctrines of waiver, laches, and/or estoppel.

8. The claims of the ’564 patent are unenforceable as asserted, in whole or in part, by doctrines of waiver, laches, and/or estoppel.

9. The claims of the ’842 patent are unenforceable due to unclean hands.

10. The claims of the ’564 patent are unenforceable due to unclean hands.

11. Waze and its accused products are licensed under the ’842 patent either expressly or implicitly.

12. Waze and its accused products are licensed under the ’564 patent either expressly or implicitly.

13. Crowd Sourced Traffic cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

## COUNTERCLAIMS OF WAZE INC.

Counterclaim Plaintiff Waze Inc. (“Waze”) asserts the following counterclaims against Counterclaim Defendant Crowd Sourced Traffic, LLC (“Crowd Sourced Traffic”) as follows:

## THE PARTIES

1. Waze, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 240 Hamilton Ave., Palo Alto, CA 94301.

2. Crowd Sourced Traffic has alleged that it is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite #170, Marshall, Texas 75670.

## JURISDICTION AND VENUE

3. Subject to Waze's affirmative defenses and denials, Waze alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 USC §§ 1331, 1367, 1338(a), 2201, and 2202.

4. Crowd Sourced Traffic has submitted to the personal jurisdiction of this Court by bringing the present action.

5. Subject to Waze's affirmative defenses and denials, and to the extent that this action remains in this district, venue is proper because Crowd Sourced Traffic has consented to the propriety of venue in this Court by filing the present action for patent infringement in this Court, in response to which these counterclaims are asserted.

## FACTUAL BACKGROUND

6. In its Complaint, Crowd Sourced Traffic asserts that Waze has infringed U.S. Patent Nos. 7,440,842 ("'842 patent"), and 7,613,564("'564 patent").

7. The '842 and '564 patents are invalid and have not been and are not being infringed by Waze.

8. Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '842 and '564 patents.

## COUNT ONE
## Declaratory Judgment of Non-Infringement of the ’842 and ’564 Patents

9. Waze restates and incorporates by reference its allegations in paragraphs 1 through 8 of its Counterclaims.

10. An actual case or controversy exists between Waze and Crowd Sourced Traffic as to whether the ’842 and ’564 patents are not infringed by Waze.

11. A judicial declaration is necessary and appropriate so that Waze may ascertain its rights regarding the ’842 and ’564 patents.

12. Waze has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the ’842 and ’564 patents.

## COUNT TWO
## Declaratory Judgment of Invalidity of the ’842 and ’564 patents

13. Waze restates and incorporates by reference its allegations in paragraphs 1 through 12 of its Counterclaims.

14. An actual case or controversy exists between Waze and Crowd Sourced Traffic as to whether the ’842 and ’564 patents patents are invalid.

15. A judicial declaration is necessary and appropriate so that Waze may ascertain its rights as to whether the ’842 and ’564 patents are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Waze prays for judgment as follows:

a. A judgment dismissing Crowd Sourced Traffic’s Complaint against Waze with prejudice;

b. A judgment in favor of Waze on all of its Counterclaims;

c. A declaration that Waze has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the ’842 and ’564 patents;

d. A declaration that the ’842 and ’564 patents are invalid;

e. An award to Waze for the amount of damages as proven at trial, including punitive damages;

f. A declaration that this case is exceptional and an award to Waze of its reasonable costs and expenses of litigation, including attorneys’ fees and expert witness fees; and

g. Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Waze respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: January 20, 2012

Respectfully submitted,

By: */s/ Eric H. Findlay*

Eric H. Findlay
Texas Bar # 00789886
Findlay Craft LLP
6760 Old Jacksonville Highway, Ste 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
E-Mail: efindlay@findlaycraft.com

Chris Kao
(Admitted Pro Hac Vice)
ckao@hollp.com
HAVERSTOCK & OWENS LLP
162 North Wolfe Road
Sunnyvale, California 94086

Telephone: (408) 530-9700
Facsimile: (408) 530-9797

*Attorneys for Defendant*
*Waze, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2012, the foregoing Answer, Affirmative Defenses, and Counterclaims of Waze, Inc. was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Hao Ni (hni@hnilawfirm.com) and Stevenson Moore (smoore@nilawfirm.com) of the Ni Law Firm LLC; and Douglas L. Bridges (dbridges@hgdlawfirm.com) and Jacqueline Burt (jburt@hgdlawfirm.com) of Henninger Garrison Davis, LLC.

*/s/ Eric H. Findlay*
Eric H. Findlay