Steven W. Ritcheson, Esq. (SBN 174062)
WHITE FIELD, INC.
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
switcheson@whitefieldinc.com

Hao Ni (*Pro Hac Vice Application To Be Filed*)
NI LAW FIRM, PLLC
3102 Maple Avenue
Suite 400
Dallas, TX 75201
214-800-2208
Fax: 214-800-2209
Email: hni@nilawfirm.com

Attorneys for Plaintiff,
CROWD SOURCED TRAFFIC, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWD SOURCED TRAFFIC, LLC<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WAZE, INC.<br><br>　　　　　　Defendant. | Case No. 3:12-cv-01970-JSC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT; [PROPOSED] ORDER**<br><br>Jury Trial Demanded<br>Date:  July 5, 2012<br>Time:  9:00 a.m.<br>Mag. Judge: Jacqueline Scott Corley |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT**

Plaintiff Crowd Sourced Traffic, LLC ("Crowd Sourced Traffic") by and through its undersigned counsel, hereby moves the Court for leave to file its First Amended Complaint (attached hereto as Exhibit A pursuant to Local Rule 10-1). The purpose of the First Amended Complaint is to correct the address listed for the Plaintiff, and to adequately state basis for jurisdiction in the Northern

District of California.  Counsel for Plaintiff has met and conferred with counsel for Defendant regarding the substance of this motion and counsel for Defendant refused to stipulate to the relief requested.  The proposed Amended Complaint does not prejudice the Defendant, nor amend any of the legal claims against the Defendant and should be granted by the Court.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend "shall be freely given when justice so requires." *Forman v. Davis*, 371 U.S. 178, 182 (1962) (quoting F.R.C.P. 15(a)).  Leave to amend is "to be applied with extreme liberality." *Owens v. Kaisar Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2011) (citation omitted).  Rule 15(a) thus requires a strong showing by the opposing party of prejudice, delay, futility, or bad faith before leave to amend may be denied. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048 1051-52 (9th Cir. 2003); *Forman*, 371 U.S. at 182.

The four factors commonly used to determine the propriety of a motion for leave to amend are present here and Plaintiff's motion for leave should be granted.   The amended complaint will not prejudice the Defendant as it does not change any of the legal allegations against the Defendant. The amended complaint only corrects the address given for the Plaintiff and clarifies California jurisdiction.  The amended complaint will not cause delay, as the already set Scheduling Conference will still guide the timing of the present case.  Furthermore, the change is not futile, nor in bad faith, as it simply corrects a factual assertion in the complaint and calcifies jurisdiction.  The Defendant does not dispute the factual assertion nor that California has jurisdiction.

Accordingly, the Court should grant Plaintiff Crowd Source Traffic, LLC leave to file its First Amended Complaint.

1
2
3  Dated: May 29, 2012
4                                                              WHITE FIELD, INC.
5                                                              By:   /s/ Steven W. Ritcheson
6                                                                    Steven W. Ritcheson
                                                                      Attorneys for Plaintiff CROWD
7                                                                     SOURCED TRAFFIC, LLC
8
9  IT IS SO ORDERED.
10
11                                                              _____
                                                                       Jacqueline Scott Corley
12                                                              UNITED STATES MAGISTRATE JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2012, I electronically served via ECF foregoing upon All Counsel of Record.

Dated: May 29, 2012    RESPECTFULLY SUBMITTED

                                    _____/s/ Steven W. Ritcheson_____

**EXHIBIT A**

Steven W. Ritcheson, Esq. (SBN 174062)
WHITE FIELD, INC.
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
switcheson@whitefieldinc.com

Hao Ni
NI LAW FIRM, PLLC
3102 Maple Avenue
Suite 400
Dallas, TX 75201
214-800-2208
Fax: 214-800-2209
Email: hni@nilawfirm.com

Attorneys for Plaintiff,
CROWD SOURCED TRAFFIC, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWD SOURCED TRAFFIC, LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAZE, INC.<br><br>　　　　Defendant. | Case No. 3:12-cv-01970-JSC<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Jury Trial Demanded |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Crowd Sourced Traffic, LLC ("Crowd Sourced Traffic") by and through its undersigned counsel, files this First Amended Complaint against Waze, Inc. as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 7,440,842, entitled "*System for Transmitting, Processing, Receiving, and Displaying Traffic Information*" (the "'842 patent"; a copy of which is attached as Exhibit A) and United States Patent No. 7,613,564, entitled "*System for Transmitting, Processing, Receiving, and Displaying Traffic Information*" (the "'564 patent"; a copy of which is attached as Exhibit B) (collectively the '564 patent and the '842 patent are referred to as "the patents-in-suit"). Crowd Sourced Traffic is the assignee of the patents-in-suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff Crowd Sourced Traffic is a limited liability company organized and existing under the laws of New Jersey with its principal place of business at 271 U.S. Highway 46, Fairfield, NJ 07004.  Crowd Sourced Traffic is the assignee of all title and interest of the patents-in-suit.  Plaintiff possesses the entire right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant Waze, Inc. ("Waze") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 240 Hamilton Ave., Palo Alto, CA, 94301.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 13331 and 1338(a).

5. The Court has personal jurisdiction over Waze because Waze has minimum contacts within the State of California, and the Northern District of California; Waze has

purposefully availed itself of the privileges of conducting business in the State of California and in the Northern District of California; Waze has sought protection and benefit from the laws of the State of California; Waze regularly conducts business within the State of California and within the Northern District of California; and Plaintiff's cause of action arise directly from Waze's business contacts and other activities in the State of California and in the Northern District of California.

6. More specifically, Waze, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of California, and the Northern District of California. Upon information and belief, Waze has committed patent infringement in the State of California and in the Northern District of California, has contributed to patent infringement in the State of California and in the Northern District of California and/or has induced others to commit patent infringement in the State of California and in the Northern District of California. Waze solicits customers in the State of California and in the Northern District of California. Waze has many paying customers who are residents of the State of California and the Northern District of California and who each use Waze's products and services in the State of California and in the Northern District of California.

7. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8. United States Patent No 7,440,842, entitled *System for Transmitting, Processing, Receiving, and Displaying Traffic Information*," was duly and legally issued by the United States Patent and Trademark Office on October 21, 2008 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '842 patent and possesses all rights of

recovery under the '842 patent including the right to sue for infringement and recover past damages.

9. Upon information and belief, Waze has infringed and continues to infringe one or more claims of the '842 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a traffic information computer system that obtains data from users. Upon information and belief, Waze has also contributed to the infringement of one or more claims of the '842 patent and/or actively induced its customers to infringe one or more claims of the '842 patent, in this district and elsewhere in the United States.

10. Waze's aforesaid activities have been without authority and/or license from Plaintiff.

11. Plaintiff is entitled to recover from the Waze the damages sustained by Plaintiff as a result of Waze's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

12. Defendants' infringement of Plaintiff's exclusive rights under the '842 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT II – PATENT INFRINGEMENT**

13. United States Patent No 7,613,564, entitled "*System for Transmitting, Processing, Receiving, and Displaying Traffic Information*," was duly and legally issued by the United States Patent and Trademark Office on November 3, 2009 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '564 patent and possesses all rights of

recovery under the '564 patent including the right to sue for infringement and recover past damages.

14. Upon information and belief, Waze has infringed and continues to infringe one or more claims of the '564 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a traffic information computer system that obtains data from users. Upon information and belief, Waze has also contributed to the infringement of one or more claims of the '564 patent and/or actively induced its customers to infringe one or more claims of the '564 patent, in this district and elsewhere in the United States.

15. Waze's aforesaid activities have been without authority and/or license from Plaintiff.

16. Plaintiff is entitled to recover from the Waze the damages sustained by Plaintiff as a result of Waze's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

17. Defendants' infringement of Plaintiff's exclusive rights under the '564 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

18. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELEIF

Plaintiff respectfully requests that the Court find in its favor and against Waze, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the patents-in-suit have been infringed, either literally and/or under the doctrine of equivalents, by Waze and/or by others to whose infringement Waze has contributed and/or by others whose infringement has been induced by Waze;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Waze's acts of infringement together with pre-judgment and post-judgment interest;

C. That one or more of the Waze's acts of infringement be found to be willful from the time that Waze became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Waze from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the patents-in-suit;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deem just and proper.

Dated: May 29, 2012

WHITE FIELD, INC.

By:   */s/ Steven W. Ritcheson*
     Steven W. Ritcheson
     Attorneys for Plaintiff CROWD SOURCED TRAFFIC, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 29, 2012, I electronically served via ECF foregoing upon All Counsel of Record.

Dated: May 29, 2012          RESPECTFULLY SUBMITTED

                           _____/s/ Steven W. Ritcheson_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

Exhibit A

Exhibit B